IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLS BEASLEY,  )  <br>            )  <br>     Petitioner,  )  <br>            )  <br>  vs.      )  <br>            )  <br>D. K. SISTO, Warden,  )  <br>            )  <br>     Respondent.  )  <br>            )  | No. C 07-06003 TEH (PR)  <br><br>ORDER TO SHOW CAUSE;  <br>GRANTING MOTION TO  <br>PROCEED *IN FORMA PAUPERIS*  <br><br><br>(Docket No. 4) |

Petitioner, a California state prisoner, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has filed a motion to proceed in forma pauperis (Docket Nos. 3 & 6) pursuant to 28 U.S.C. § 1915(a).

**BACKGROUND**

According to the petition, Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Oakland of two counts of second degree robbery (California Penal Code § 211[1]), one count of felon in possession of a firearm (§ 12021(a)(1)), and two gun enhancements (§ 12022.53(b)). On October 13, 2005, Petitioner was sentenced to two thirteen year terms in state prison.

Petitioner alleges that he appealed the conviction and sought review with the

---

[1] All future references are to the California Penal Code unless otherwise indicated.

California Supreme Court.  The state high court denied review on June 20, 2007. Petitioner filed the instant federal habeas petition on November 28, 2007.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.   Legal Claims

Petitioner claims the following grounds for federal habeas relief: 1) the trial court erred in excluding the testimony of an expert witness regarding factors affecting eyewitness testimony in violation of due process; 2) the trial court erred in admitting opinion testimony regarding the propensity of drug users to commit robberies, which prejudiced Petitioner and requires reversal; 3) ineffective assistance of counsel for failing to object to the inadmissible propensity evidence; and 4) cumulative error.  Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis (Docket No. 4) is GRANTED.

2.   The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the

1 | Attorney General of the State of California.  The clerk also shall serve a copy of this order
2 | on Petitioner.

3 |     3. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

    5. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED:  03/27/08

THELTON E. HENDERSON
United States District Judge