Beasley Wills, V30091
T.C.C.F M/A 08
415 U.S. HWY 49 North
Tutwiler, Ms 38963

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Beasley Wills
Petitioner,

Vs,

D.K. Sisto (Warden)
Respondent,

Traverse
Points and Authorities

**Case No: CV 07 6003 TEH (PR)**

---

Petitioner Beasley Wills proceeding in pro per. Persent his traverse to answer the respondents response to petitioner writ of hebeas corbus, pursuant to the court order petitioner denies as follow petitioner maintains that he is in custody of the California Department of Corrections as result of a unconsit-utional conviction out of Oakland Ca, Alameda County Superior Court, Case #CV. 07 6003 TEH (PR). PEtitioners conviction is inviolation of the laws and treaties of the United States Petitioner contends that the petition is timely pursuant to 28 USC,section 2254 and recient rulings by the Ninth Cirult Court of Appeals.

the united states supreme court antiterrorism and effective death penalty act of 1996 pub.1.no.104.32.110.stat.1214 AEDPA .

1.petitoner is in custody but denies his conviction is proper under the custody of the california department of corrections pursuant to a invalid judgement and felony conviction in oakland california alameda county superior court case no.#cv.07.06003

2.petitoner admits and agree the petition fild on 11-28-07 appears timely and is subject to the AEDPA.

3.petitoners petition is exhausted through the complete state level appeal remedies on the first claimes on the first claims in grounds one through four of the instant petition were presented in his california petition for review and the second claimes one throhght four was presented in a california supreme court habeas petition.

4.petitionerasserts totally and fully denies each and every allegation claimed by respondent,as well as alleged by respondent. more over petitioner denies respondent allegation that petitioners confinement is not inproper and petitioner realleges that his confinement is is improper and that the judgement is improper and petitioner alleges that the comitiment underlying petitioners confinement is totally improper and petitioner Alleges that the commitiment underlying petitioner's confinement is totally Improper and Alleges that His Rights were and Are still Being violated

Petitioner Request the granting of the present traverse

Beasley Willis

S/SN Beasley Willis

7-24-08

B

# TABLE OF AUTHORITIES

CASES — PAGES

People V. CAMPA [1984] 36 CAL. 4d. 870. 882 — 1
DePENZA V. LANAUGH [5TH Cir. 1998] 874 F2d. 211. 220 — 1
RAHeem V. KeLLY [2Nd Cir 2001] 257. F3d. 112. 138. 139 — 2
People V. macdoNALd [37. CAL. 3d. At P368 — 3.5
People V. JOHNSON [1992] 3 CAL. 4tH. 1126 — 3
People V. WATSON [1956] 46 CAL. 2d. 818. 836 — 3
people V. SANders [1995] 11 CAL. 4. tH. 415. 510 — 3.4
people V. Yeomen [2003] 31 CAL. 4tH. 93. 117 — 4
People V. BeNAVides [2005] 35 CAL. 4tH. 69, 91 — 4
People V. marSHALL [1996] 13 CAL 4tH. 799. 836 — 4
webb V. texAS [1972] 409. US 95. 98 — 4
WASHINgton V. texAS [1967] 388 US. 14, 19 — 4
DAVid V. ALASKA [1974] 415 US. 308 — 4
CALIFORNIA V. trombetta [1984] 467. US 479. 485 — 4
CrAIN V. KeNTUCKey [467 US. 683. 690 — 4
United States V. HINeS [D. mASS-1995] 55 F. Supp 2d. 62. 72. — 6
United States V. WAde [1967] 388 US 218. 288. 875. ct 1926. 1933. 18. Led 2. 1149 — 6, 8
JACKSON V. Fogg [2d Cir. 1978] 589. F2d. 108 — 6
United States V. RUSSELL [6tH Cir 1976] 532. F2d. 1063. 1066 — 6
United States V. BrowN [DC. Cir 1972] 146, F21, 134. 145. 146 — 6.7
United States V. SmitH [9tH Cir. 1977] 563. F2d. 1361. 1365 — 6.7
StrickLANd V. WAShINStoN [1984] 466. US. 668. 684. 686 — 9.10
People V. LedSmA. Supra [43 CAL. 3d. At pp. 216. 217] — 9.10
In re Cordero [1988] 46 CAL 3d. 161. 180 — 9.
People V. Burnett [1999] 71 CAL. App 4tH. 151 — 9
People V. MeNdoZA tello [1997] 15 CAL. 4tH. 264. 266 — 9
People V. torres [1953] 33 CAL. 4tH. 37. 48 — 10

# TABLE OF AUTHORITIES

CASES | PAGES

| Cases | Pages |
|---|---|
| Estell V. maguire [1991] 502 US. 62, 70 | 11 |
| Mc. Kinney V. Rees [9 Cir 1993] 933. F3d. 1378, 1384, 1385 | 11 |
| Garciau V. Woodford [9th Cir. 2001] 275. F3d. 769 | 12 |
| Woodford V. Garciau [2003] 538. US. 202 | 12 |
| People V. Davis [1965] 233. CAL App 2d. 156, 161 | 12 |
| United States V. Alvarez [11th Cir 1988] 837. F2d. 1024, 1030 | 12 |
| United States V. DOE [7 cir 1978] 149. F3d. 634. 637 | 13 |
| United States V. Foster [7th cir 1991] 939, 2Fd, 445. 452. 453 | 13 |
| United States V. Soto [7th. cir 1989] 885. F2d. 354, 360 | 13 |
| People V. Hill [1998] 17 CAL 4th, 800, 844 | 13 |
| United States V. Fredrick [9th Cir 1996] 78. F3d. 1370 | 13 |
| Fourtheenth Amed | 13 |
| Sixth Amed | 11 |
| CAL JIC 2.92 | 9.8 |
| Evidence code. Sec. 1101 | 2.3,5 |
| Exzibit A | 11 |
| Exzibit B | 15 |
| | 17 |

# A R G U M E N T

## THE TRIAL COURT EXCLUSION OF EVIDENCE PRESENTED BY A QUALIFIED EXPERT ON THE TOPIC OF FACTORS AFFECTING EYEWITNESS IDENTIFICATION WAS PREJUDICIAL ERROR Violated sixth And Fourtheenth Amend

RESPONDENT argues that the trial court properly excluded the testimony of identification expert robert shomer, claiming that the eyewitness identification were givin 'independent relibility' as theywere substantially corroborated by the costodial statement of informant eric delk whom was inpeach by the district attorney on the stand. delks statement were elicted while he was in custody and it was undisputed that delks implicated appellant in the beacon robbery in the hope of obtaining leniency with regards to pending charges .information receaved from sources who are themselves the focus of pending criminal charges or unvestigations is inherently a suspect. people v. campa (1984).36.cal.4d.870.882) as the opening brief noted,the prosecutor acknowledged that delk custodial statement, which delk repudiated at trial, was of dubios reliability and was introduced principally to explain why the police investigation focused on appelant.

respondent fails to address appellants contention that bhel and garcia identification of appellant were unreliable in light of failure of either eyewitness to describe their assailant as having missing front top and bottom teeth petitioner cites. DEPENZA V. LANAUGH (5th cir.1998)874.f2d.211.220. finding iden following suggestive identification procedure unrelible in light

of victims failure to include in her discription of assailant distinctive features including moustache and ''striking tattoos) SE ALSO RAHEM V. KELLY(2nd cir 2001) 257.f.3d.122.138.139( prior witness descriptions did not provide indicia of reliability were unable to describe any distinctive facial features of perpetrator nor dose respondent explain how delks testimony remedied this infirmity in the identification testimony or render the identificattion '' indenpendently reliable.'' in light of the absense of any physical evidence linkin appellant to the robbery and the alibi testimony of dion jones [1], the suspect and repudiated custodial statement of eric delk was not of sufficient evidentiary weight to give the identification the independent reliability which would justify the exclusion of the expert identification testimony.

=================================================================

[1] respondent contends that jones concedod that he wasn,t certain that he was with appellant on the evening of the robbery .at trial ,jones expressed no such uncertainty. while jones signed a written statement prepared by prosecution investigator john- williams which acknowledged uncertainty about the day he was with appellant. jones did so under pressur from williams and because he was embarrassed about being interviewed at his work place. jones testified that he had repeatedly told williams he was pretty sure of the date he was with appellant, butthat williams tried to convince him other wise.

=================================================================

respondent next argues that the trial court properly concluded that giving caljic no.2.92 obviated the need for expert identifi-

identification testimony .as the opening brief, and writ of habeas corpus notes. the california suoreme court has reached a contrary conclusion in acknowledging that caljic no.2.92 is not not a substitute for expert identification testimony. citing people v. mcdonald (1984) respondent citing people v. johnson (1992)3.cal.4th.1126.suggest that the california supreme court has held that were caljic no.2.92 has been givin the trial court need not admit expert eyewitness identification testimony. contrary to respondent susggestion. that people v. johnson simply dose not address weather giving caljic no.2.92 just- (1992) 3.CAL.4TH,1126. fies a trial court exclusion of expert identification testimony, because the trial court in johnson admitted the testimony of a denfence eyewitness identification expert . johnsons statements that caljic no.2.92 normaly provides sufficient guidence on the subject of eyewitness identification was made in rejecting a defence claim of instructional error in giving a modified version of of caljic no.2.92 in arguing that any error was harmless respondent contends that the california supreme court HAS held that the watson[2] state law harless error standard applies to claims of error in excl- uding eyewitness identification expert testimony, citing inter aliaby people v.sanders(1995)11.cal.4th.415.510) infact in sanders the california supreme court decline to decide weather the exclusion of such evidence may violate a defendents sixth and fourteenth amendment rights.

==========================================================================

[2] people v. watson(1956)46 CAL.2d.818.836

[3] IN sanders. the supreme court concluded that any claim of federal constitut- ional error was waived by the defendents failur to raise the federal constit- ional claim in the trial court (id.11. cal.4th.p.510.fn.3) SINCE SANDERS WAS DECIDED,the california supreme court has indicated a willingness to entertain constitutional claims on appeal even when the specific objection was not

RAISED in trial court people v. yeoman (2003) 31.cal.4th.93.117(yeoman) HERE while defence council did not expressly argue that the exclusion of THE DR.shomer testimony would violate appellants federal constitutional rights. she did argue that shomers testimony was needed'' in order for (appellant) to get a fair trial this was tantamount to a claim that exclusion of shomers thestimony would violate appellants due process rights. as the supreme court explained in(YEOMAN ) no useful purpose is served by declining to consider on appeal a claim that merely restates under alternative legal principles . a claim otherwise identical to one that was properly preserved by a timely motion that called upon the trial court to consider the same facts and to apply a legal standard similar to that which would also determine the claim on appeal. see people v.benavides (2005) 35.cal 4th.69.91. yeoman in assuming the claim of feder-al constitutional error in damitting evidence was preserve for appeal, despite the fact the defendent had objected at trial on the basis the fact the the defendent had objected at trial on the basis the evidence was more prejudicial than probative).

A. APPELLANT reconize that as a general rule a trial court has wide discretion to admit or exclude expert testimony. however it is also true that a criminal defendent is consitutionally entitled to present all relevant evidence of significant probotive value in his faver...''people v. maeshall MARSHALL (1996)13.cal 4th.799.836) SEE ALSO WEBB V.TEXAS(1972)409.us.95.98 washington v.texes(1967)388.us.14.19 davis v.alaska(1974)415.us.308.this standard of fairness has long been interpeted to require that criminal defendent be ''afforded a meangful opportunity to present a complete defence (california v.trombetta(1984) 467.us, 479.485; crane v.kentucky(476.us.683.690)the trial courts exclus-ion of shomer testimomy violated appellants six an fourtheent —

six and fourtheenth contitutional rights to present a conplete defence, as appellant has argued, shomers testimony was crucial in a case that turned on the jurys assesment of the reliability of the eyewitness identifications . in arguining that any error was harmless,respondent contends that the defense was able to impeach the identifications on cross- examination and to rely on caljic no.2.92 in arguing that identifications were not reliable (RB19) how ever neither the instructions nor crossexamination of the witnesses substisuted for testimony specifying the factual basis for a claime that psychological factors could have effected the reliability of the indentifications. as the opening brief and writ notes the prosecutor exploited the absense of expert testimony regarding factors which affected the reliability of the identifications,arguing that the defense had failed to introduce any evidence which cast doubt on behl and garcia testimony .(see aob 28.citing.3.rt.432.) THE PROSECUTOR WAS ABLE to exploit the the exclusion of of shomers testimony to argue that the cross-racial nature of the identification did not undermine the reliability of the identification.(SEE AOB 29-30 citing 3 rt 426.427) AS THE CALIFORNIA SUPREME COURT HAS RECOGNIZED. EXPERT TESTIMONY CAN INFORM THE JURY ABOUT EMPIRICAL STUDIES THAT HAVE INDICATED SIGNIFICANT DIFFERENCE BETWEEN SAME RACE -other race identification.( see people v. mcdonald supra 37.cal.3d.at.p.368 the exclusion ofshomer testimony also allowed the prosecutor to argue that the stress the witness were underactually enhanced the reliability of the identification.(see abo 28-29. citing 3rt .420.421.423.424 IN ABSENCE OF EXPERT TESTIMONY DEFENSE COUNCIL WAS UNABLE TO CITE ANY EVIDENCE TO COUNTER THE PROSECUTIONS ARGUMENT THAT THERE WAS NO REASON TO

QUESTION the reliability of the identification testimony. as one federal district court reasoned. [I]n the absence of an expert, adefense lawyer... may try to argue that cross racial identification more problematic than identifications between members of the same race,orthat stress may undermine the accuracy, but his voice necessarily lack the authority, of scientific studies ''an expert witness cites(UNITED STATES V. HINES(D.MASS.1995) 55.f. supp.2d.62.72.) UNITED STATES V.WADE(1967)388.us.218.288.875.ct.1926.1933.191 ed.1149. in wade the court noted'' the high incidence of miscacciage of justice cause by such mistaken identifications and waenrd warned that the dangers for the suspect particularly grave when the witness has an opportunity for observation was insubstantial and thus his susceptibility to suggestion the greatest (id.at.pp.228.229.875.ct.at.p.1933 distinguished federal judges have echoed and amplified these warnings.thus.in jackson v. fogg (2d.cr.1978.589. f2d .108. the courts upheld an order vacating a robbery-murder conviction on habeas corpis because prelineup were unduly suggestive andbecause four eye witnesses had a brief opportunity to observethe gunman under stressful con conditions and showed varying degrees of unsertainty in there identification of the defendent. there was no other evidence connecting the defendant with the crime as in this case there is no fisical evidence linkin petitioner to this crime see priliminary hearing page 14-line 21 exzibit A MR. BHEAL the time he seen the perpatrator face he said one houndreth of a second an not 30 seconds like the DA EXPLOITED the time out to be an again in this case BHEAL tells the court at priliminary hearing he tells the court .10+15 seconds see page 28-line 22-25 exzibit B CITTING UNITED STATES V.RUSSRLL. 6th. cir.1976)532.f.2d.1063.1066 ) united states v. brown(d.c.cir.1972)146.f.21.134 145.146) UNITED STATES V.SMITH(9th cir.1977)563.f2d.1361.1365) united states v.wade(1967)388.us.218.288.87.s.ct.1926.1933.18.1.ed2d.1149 ) there is a great potential for misidentification when a [*364]witness identifies a stranger

BASE soley upon a single brief observation and the risk is increased when the observation was made at a time of stress or excitement...[T]his danger is inherent in every identification of this kind. the testimony of a single witness is not sufficient to prove the identity is premised in part on the assumption that an eyewitness identification is generally reliable. yetjudge HUFSTEDLER has declared that premise to be ''at best, highly dubious, givin the extensive emoirical evidence that eyewitness identifications are not reliable(UNITED STATES V.SMITH(9 th cir.1977) 563.f2d.1361.1365(CONC). AND WITH HIS CHARACTRISTIC VIGOR,CHIEF JUDGE BAZELON HAS CALL ON THE COURTS TO FACE UP TO THE RELIABILITY PROBLEMS OF EYEWITNESS IDENTIFICATION TO INFORM THEM SELVES OF THE RESULTS OF SCIENTIFIC STUDIES OF THOSE PROBLEMS AND TO ALLOWjuries to that information in aid of their factfinding task. united states v. brown(DC.CIR.1972)461.f2d.134.145.146.fn.1 (CONC.DIS.OPN) FN.9 in THE the dozen tears since judge bazelon;s appeal empirical studies sthdies of the phychologicaL FACTORS AFFECTING EYEWITNESS IDENTIFICATION HAVE PROLIFERATED, ANDREPORTS OF THIER RESULTS HSVE APPEARED AT AN EVER-accelerating pace in the professional literature of the be haviral and social science.no less then five treaties on the topic have resently been published. citing and dicussing literally scores of studies on the pitfalls OF SUCH IDENTIFICATION.(**365) (eyewitness testimomy; psychological prespectives (WELL&loftus edits1984)

[illegible] ENCL [illegible]

[illegible]

[illegible] DIVISION [illegible]

[illegible] 557. [illegible]

[illegible] COUNSEL [illegible]

[illegible] WAIVER [illegible]

[illegible] Been Resolved.

that Failure [illegible] Ineffective Assist[illegible]

Under [illegible] the [illegible] Amendment [illegible] States Constitution And Article 1, Section 15, of [illegible] Constitution, A Criminal defendant [illegible] the right to the Assistance of Counsel, the right [illegible] to [illegible] but [illegible] effective [illegible] Strickland V. Washington [1984] [illegible] 466 U.S. 668, [illegible] to establish A Claim that counsel was ineffective [illegible] A preponderance of the evidence that [illegible] counsel's performance was [illegible] unreasonable. People V. Ledsma, Supra, 43, Cal 3d At Pp. 216-217] An Appellate court's Review of trial Counsels performance is A deferential one, [In re Cordero [1988] 46, Cal 3d. 161. 180 "However. deferential scrutiny of counsels Performance is Limited in extent And indeed in certain cases may be Altogether unjustified. Deference is not Abdication; it must never be used to insulate counsel's performance from meaningful scrutiny And there by Automatically validate challenged Acts of omissions." People V. Burnett [1999] 71 Cal. App. 4th, 151, 180, citing In re Cordero, Supra 46, Cal. 3d At P 180 [internal citations And quotations omitted] If the record on appeal sheds No Light on why counsel Acted or Failed to Act in A particular manner, A claim of ineffective Assistance must be rejected unless counsel was ask for explanation And Failed to provide one or there can be no satisfactory explanation, [People V. Mendoza Tello [1997] 15, Cal. 4th. 264, 266] However [illegible] permits

The reviewing [illegible] that [illegible] clear [illegible] shows that [illegible] counsel [illegible] failure [illegible], a reviewing court may reverse [illegible] on the ground of ineffective assistance. [See People v. Lopez [illegible] 48 [reviewing court [illegible]] [illegible] appellant [illegible] ineffective [illegible] counsel's failure [illegible] expert testimony [illegible] criminal [illegible].) Trial counsel did object to [illegible] criminal profile testimony [illegible] it clear that [illegible] seeking the exclusion of [illegible] evidence, there can be no justification [illegible] failure to object [illegible] or the [illegible] renew the objection after [illegible] foundation for [illegible] opinion. An ineffective assistance of counsel claim requires reversal only where there is a reasonable probability that a more favorable determination would have resulted in the absence of [illegible]. [Strickland, supra, 466 U.S. at pp. 694-695; People v. Ledesma, supra, 43 Cal.3d at pp. 215-218.]

THE COURT ERRED IN ADMITTING OPINION TESTIMONY REGARDING THE PROPENSITY OF USE TO COMMIT ROBBERIES VIOLATED PIITONERS VIOLATED SIXTH AND FOURTHEENTH A.M.E.D

APPELLANT argues below.JUDALLA"S opinion evidence regarding the criminal propensity of drug user was inadmissibly,both because it was speculative and because the testimony constituted highly prejudical,improper propensity evidence. the erroneous admission of the evidence requires reversal.regardless of the standard of prejudice which this court applies.to the extent that the clain of error has ben preserve for review that failure constituted ineffective assistance of counsel. JUDALLA"S investigation provide no foundation for a broader assertion that drug addicts are generally predisposed to commit robberies . there for ,the objection at teral that was sperulative was meritorious, and the trial court erred in failing to sustain that objecttion. more fundamentally,the propose of JUDALLA"S opinion constituted an improper attemp to establish that appellants alleged drug addiction predisposed him to commit robberie EVIDENCE CODE SEC.1101 sub[a] explicity provides that evidence of a person character or a trait of his or her character [weather in the form of an openion,evidence of reputation,or evidence of reputation,or evidence of specfic instance of his or her conduct] is inadmissible when offered to prove his or her conduct on a specified occasion'' the rule excluding evidence or criminal propensity is nearly three cencuries old in common law. ESTELLE V.MAGUIRE[1991 502.us,62.70]the erroneous admission of propensity evidence can render a trial fundamentally unfair in violation of due process because character evidence in the form of uncharge misconduct'' is said to weigh tomuch with the jury and so to overpersude them as to prejudge one with a general bad record and deny petitionre a fair opportunity to defendent against a particular charge. (MC KINNEY V.REES[9cir 1993)933.f3d.1378.1384. 1385.us const.amend.XIV)

PREJUDICE there for is assed under the chapman harmless beyond a reasonable doubt standard.(SEEGARCEAU V.WOODFORD[9thcir,2001]275. f3d.769 revd on other grounds sub.nom.WOODV.GARCIAU[2003]538.us. 202.(APPLYING CHAPMAN STANDARD WHERE INSTRUCTION PERMIT JORORS TO TREATEVIDENCE OF UNCHARGE MISCONDUCT AS PROPENSITY EVIDENCE). even if treated as solely state law error reasonable probable that the error affected the out come below.propensity evidence is deemed objectionable.notbecause it has no appreciable probative value because it has to much,invitable,it temps the tribunal to give execssive weihht to the vicious record of crime thus exhibi-ted, and either to allow it to bear to strongly on the present charges,orto take the proof of it sa justifying a condemnation irrespective of guilt of the present charge.reviewing courts have also ackowledge the inherent prejudice which attends the admissi-on of evidence which connect a defendent with illegaldrug use nothing that such evidence can have a catastrophic" inpact on a defendent chance of acquittal. PEOPLE V.DAVIS(1965)233.cal.app 2d.156.161] the danger is it tendency to incite a jury to resolve the issue of guilt or innocence on defendents character rather than on proof of the essential elements of the crime.the propen-sity evidence here was particular prejudicial.because it was int-troduce via the opinion of a police officer who was also involved in the investigation of the robbery. where a government agentwho testifies as an expert,on behahf of the prosecution,a serious risk of undue prejudice exists.(UNITED STATES V.ALVAREZ(11thcir 1988)837.f2d. 1024.1030."if the expert witness was also an eye-witness or other wise involed in the defendents arrest there is agreater danger of unfair prejudice.this dual role may confuse

the jury,which may not under stand its own function in evaluating the evidence."UNITED STATES V.DOE (7 cir 1998)149f3d 634.637. citing UNITED STATES V.FOSTER(7 th cir 1991)939.2fd.445.452.453. and UNITED STATESV.SOTO 7th cir 1989)885.f2d.354.360.
the erroneous admission of that opinion testimony therefor was prejudical and requires reversal on all counts of conviction

THE CUMULATIVE IMPACT OF THE ERRORS IN THIS CASE MANDATE REVERSAL

PETITIONER ABOUVE HAS SET FORTH TWO GRONDS FOR REVERSAL. EVEN IF THESE ERRORS,CONSIDERED INDIVIDUALLY,DO NOT MANDATE REVERSAL, THEIR CUMLATIVE IMPACC DENIED APPELLANT A FAIR TRIAL AND REVERSAL IS WARRANTED ON THE BASIS (PEOPLE V. HILL(1998)17 cal.4th 800. 844. united states v.fredrick(9th cir 1996)78 f3d 1370)

Beverly Miller
7-24-08

EXZIBT

A

Q. So isn't it fair to say that you were focusing, you were looking at that gun?

A. Yes. I was looking at the gun, too.

Q. Okay. And you were able to see that there were holes in the cylinder. In other words, you were able to see that there were not bullets in each one of those holes, correct?

A. Because there was not movement when his hand goes like this, and like I can see right through my eyes that there is nothing. There might be a bullet right behind the barrel, but there is nothing on the other sides.

Q. But of course you didn't want to take a chance?

A. No.

Q. Of course not. So you are saying at some point he actually raised the gun so you could look through the cylinder; is that right?

A. He might not do it intentionally, but when he was asking for the money, yes, his hand goes up.

Q. All right. And at this point his gun was actually in line with his face, about that level?

Witness

A. It was like you can say one hundredth of a second, yeah, his hand goes that -- yeah, one hundredth of a second it was even with his face. Yes.

Q. And then after that point what happened to the gun, did he lower it again?

A. It come back, yeah. Because at that time I was telling Lucio and his hand comes down and stays right here.

Q. Again, back to chest level?

# EXZIBIT

# B

face at the same time?
A. Yes.
Q. You were anxious not to stare at his face?
A. Excuse me?
Q. Let's rephrase that. Did you stare at his face, look at him directly in the eye?
A. No. At that time I was scared.
Q. And you thought that staring at him in the face might make him mad, right?
A. I couldn't recall that if I think that.
Q. Okay. So you weren't concerned about looking at him in the face; is that what you are saying?
A. Can you repeat your question?
Q. Sure. Did he give this person with the gun, did he try and avoid your looking at him in the face, did he turn his head away and try and cover up?
A. No, he did not.
Q. Were you afraid to look at him in the eye?
A. No, I'm not.
Q. How many of the 20 to 25 seconds were you looking directly at his face as opposed to the gun?
A. I can't say that.
Q. How many, less than ten?
A. Between ten to 15 seconds.
Q. Ten to 15 seconds. Now, during those ten to 15 seconds was there ever anything between you and him that kept you from looking at him?
A. No.

# PROOF OF SERVICE

## Declaration Of Service By Mail

I, Beasley Wills, declare that I am over the age of eighteen (18) and that I am a party to this action. On July- 24, 2008, I deposited a copy of the following document(s): Traverse

In a sealed envelope with postage prepaid into the United States mail outlet via authorized Tallahatchie County Correctional employee at Tallahatchie County Correctional Institution 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963, and addressed as follows:

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco. Calif
94102-3483

Department of Justice
Office of the Attorney General
455 Golden Gate Avenue suite 11000
San Francisco Calif
94102-3664

I declare under penalty of perjury pursuant to 28 U.S.C. §1746, and State Laws, that the foregoing is true and correct and that this declaration was executed at Tallahatchie County Correctional Facility, 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963

DATED: 7-24-08 Signature: Beasley Wills